Sarah A. Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 S. Jackson St., P.O. Box 548
Jackson, WY 83001
307-733-7290 / 307-733-5248 fax
kellogg@spencelawyers.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EARL WESLEY LEARNED,<br><br>                              Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC., and UNITED AIRLINES, INC.,<br><br>                              Defendants. | Civ. Action No. 1:25-CV-00168 |

## COMPLAINT

Earl Wesley Learned suffered crush injuries and a hallux (big toe) fracture when a heavy countertop fell from the United Airlines check-in counter at the Yellowstone Regional Airport ("YRA") and broke into multiple pieces across his feet. The injuries have robbed him of his mobility and independence. The countertop was one of several that was noticeably loose — creating a dangerous situation for United's passengers. Even so, United has disclaimed responsibility for the incident and failed to reimburse Mr. Learned for his ticket cost. Mr. Learned brings this case against United Airlines, Inc. and SkyWest Airlines, Inc., United's regional partner, operating United flights out of YRA.

## I.  PARTIES

1. Earl Wesley ("Wes") Learned is the Plaintiff in this matter.  Mr. Learned was injured on March 17, 2024, at YRA, when a countertop fell off the United Airlines check-in counter and landed on his feet.

2. At all times relevant to the facts alleged in this Complaint, Mr. Learned resided in Park County, Wyoming.

3. United Airlines, Inc. is a Delaware Corporation with its principal place of business located in Chicago, Illinois.

4. The Wyoming registered agent for United is: Corporation Service Company, 1821 Logan Ave, Cheyenne, WY 82001.

5. Plaintiff presented this dispute to United more than sixty days before the filing of this lawsuit but was told that United disclaims responsibility.

6. SkyWest Airlines, Inc. is a Defendant in this matter.  SkyWest is an airline with a fleet of nearly 500 aircraft, connecting passengers to 262 destinations throughout North America.

7. SkyWest is a Utah corporation, with its principal place of business located in St. George, Utah.

8. The Wyoming registered agent for SkyWest is: Corporate Creations Network, Inc., 5830 E 2nd St., Casper, WY 82609.

9. SkyWest is an agent or ostensible agent of United.  SkyWest operates United flights nationwide, including from YRA.  SkyWest operates these flights utilizing United's branding and SkyWest's personnel wear United uniforms.  United advertises the flights from YRA as United flights.

## II. JURISDICTION & VENUE

10. Plaintiff incorporates and adopts by reference the facts and allegations above as though fully set forth herein.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs.

12. This Court has personal jurisdiction over the Defendants because the incidents that give rise to this action occurred in Wyoming and the action arises from the Defendants' contacts with Wyoming.

13. Additionally, this Court has personal jurisdiction over the Defendants pursuant to Wyo. Stat. Ann. § 5-1-107(a) (Wyoming's jurisdictional "long arm" statute).

14. This Court is the proper venue pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the acts or omissions giving rise to these claims occurred in Wyoming.

## III. FACTS

15. Plaintiff incorporates and adopts by reference the facts and allegations above as though fully set forth herein.

16. On March 17, 2024, Mr. Learned went to YRA in Cody, Wyoming on his way to a family vacation in Las Vegas, Nevada.

17. He had a ticket on what he understood to be a United Airlines flight.

18. Mr. Learned approached the United check-in counter with his suitcase.

19. Upon information and belief, the United check-in counter was operated by SkyWest.

20. SkyWest leased the check-in counter from the Yellowstone Regional Airport Joint Powers Board.

21. Pursuant to the lease agreement, SkyWest was required to keep the check-in counter area "in good repair and appearance" and to keep the area "clean, safe, and orderly."

22. At the check-in counter, an agent leaned over to grab Mr. Learned's suitcase. As the agent leaned over, he braced his hand on the countertop.

23. The countertop detached and fell, landing on both of Mr. Learned's feet. He suffered a crush injury and fractured toes. He was transported by ambulance to West Park Hospital.

24. Most significantly, these injuries caused a decline in Mr. Learned's balance and mobility, interfering with his independence.

25. Since his injury, Mr. Learned has fallen multiple times on flat surfaces. He fears that he may fall again. Due to loss of balance, he feels unsafe navigating uneven surfaces, such as sidewalks, lawns and parking lots.

26. More than a year later, Mr. Learned, now age 80, continues to participate in regular physical therapy, in an effort to return to a functional level of mobility. His feet are still swollen and painful. He fears that his progress has plateaued and that he will never regain his independence. He has accrued more than $23,000 in medical bills.

27. At the time of the incident, the employees at the ticket counter contacted Klay Nelson, Airport Operations Specialist at YRA. Mr. Nelson came to speak with Mr. and Mrs. Learned and upon seeing the security footage of the incident, Mr. Nelson jumped out of his seat and inspected the other countertops in the area. He found another countertop to be loose.

28. SkyWest's employees knew or should have known that the countertops were loose before March 17, 2024.

29. SkyWest and United have not even refunded Mr. Learned for the cost of his plane tickets.

## IV. FIRST CAUSE OF ACTION: NEGLIGENCE

30. Plaintiff incorporates and adopts by reference the facts and allegations above as though fully set forth herein.

31. United and SkyWest owed a duty of reasonable care to Mr. Learned, including:

    a. A duty of ordinary care to keep the premises in a safe condition; and

    b. A duty to protect visitors against known dangers and dangers that are discoverable by the use of reasonable care.

32. United and SkyWest breached these duties when they failed to take steps to protect visitors from the noticeably loose countertops.

33. As a direct and proximate cause and result of Defendants' negligence, Mr. Learned was injured. Plaintiff's damages are more particularly set forth in the section of this Complaint entitled "Damages."

## V. DAMAGES

34. Plaintiff incorporates and adopts by reference the facts and allegations above as though fully set forth herein.

35. As a direct and proximate result of Defendants' acts and omissions, Mr. Learned sustained the following damages:

    a. Past and future physical and emotional pain and suffering;

    b. Past and future disfigurement;

    c. Past and future loss of enjoyment of life;

    d. Past and future medical expenses;

    e. Past and future household and caretaking expenses;

    f. The costs of plane tickets ($1,050.00);

    g. Past and future pecuniary loss; and

    h.    All allowable costs, expenses, and fees associated with this litigation.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants in an amount as supported by the allegations of this Complaint, as follows:

1. Judgment against the Defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial.
2. Judgment against the Defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial.
4. Judgment for costs, interest, and such other and further relief as the Court deems just and equitable.

DATED this 23rd day of July 2025.

/s/ Sarah A. Kellogg
Sarah A. Kellogg, WSB # 7-5355
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
307-733-7290/ 307-733-5248 (Fax)
kellogg@spencelawyers.com

*Attorney for the Plaintiff*